In the Matter of the Estate of HENRY C. PIERCE, Deceased.

Surrogate's Court, New York County, November 25, 1931.

*Deering & Deering,* for Clay A. Pierce.

*Edgar Hirschberg,* for the State Tax Commission.

O'BRIEN, S. This is an appeal by the administrator of the above-named decedent from the *pro forma* order fixing tax dated March 30, 1931, and entered on the appraiser's report filed herein. There are two principal grounds of appeal: (1) That the appraiser failed to allow as a deduction a debt of the decedent due at the time of his death in the sum of $322,250; (2) that the report erroneously pro-rated the debts of the decedent in the proportion that the New York property subject to tax bears to the gross estate wherever situated including tangible, personal and real property located outside the State of New York, whereas all the debts due citizens of New York should be deducted from the assets located in New York.

On July 23, 1909, at Paris, France, the decedent and Georgianna P. Burrowes (now Georgianna Pierce, widow of the decedent) entered into an ante-nuptial agreement wherein the decedent, in consideration of the intended marriage between them, agreed to transfer and convey to himself the sum of $300,000 in trust, the income therefrom to be paid to Georgianna P. Burrowes quarterly during her life and on her death the principal was to be paid to such persons as she might designate under her will. The agreement also provided that the decedent might appoint one or more successors to himself as trustee, and in the event of his failure to do so the widow had the right to make such appointment. The marriage was celebrated between the parties on August 2, 1909, and they continued to live as man and wife until the death of the decedent herein on June 27, 1929. No trust, as provided in the ante-nuptial agreement, was ever set up or established by the decedent. After his death the widow appointed the Guaranty Trust Company as successor trustee under the agreement.

The Guaranty Trust Company filed a claim with the administrator herein demanding payment of the sum of $300,000 together with interest from August 2, 1909. This claim was rejected by the administrator, and the Guaranty Trust Company and the widow, as plaintiffs, instituted an action in the Supreme Court against the administrator and heirs at law and next of kin of the decedent for the enforcement of the agreement. The defendants moved to dismiss

the complaint on the ground that it did not state facts sufficient to constitute a good cause of action. This motion was denied, and on appeal to the Appellate Division the decision of the court below was affirmed, and the case was sent back for trial. Thereafter, the parties entered into a settlement and the action was compromised for the sum of $300,000, without interest. The settlement and compromise were approved by the Supreme Court.

The appraiser's report allows a deduction of $300,000, the amount of the settlement, but does not allow as a deduction the sum of $322,250 representing interest claimed to be due on the principal. The administrator now contends that as the ante-nuptial agreement constituted a valid debt of the decedent said agreement carried with it interest. The appeal is denied. The parties having compromised this unliquidated claim in the sum of $300,000 nearly two years after the decedent's death, the appraiser's report has correctly allowed only the amount of the compromise as a deduction.

The second ground of the appeal is likewise denied, as the appraiser properly prorated the deductions allowed in the proportion that the property of the decedent taxable in New York bears to the gross property wherever situated.

Submit order on notice accordingly.